IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 08-CR-0075-C |
| ) | |
| FIDEL S. HOLGUIN, ) | |
| ) | |
| Defendant. ) | |

MOTION TO AMEND CRIMINAL JUDGMENT

The United States of America, by Erik C. Peterson, United States Attorney for the Western District of Wisconsin, and by Elizabeth Altman, Assistant United States Attorney for that district, moves this Court, pursuant to Rule 36 Fed. R. Crim. P., to amend the criminal judgment that was entered in this action on November 19, 2008, to include the forfeitures that were ordered in the Preliminary Order of Forfeiture.

**FACTS**

1. On September 24, 2008, this Court entered a Preliminary Order of Forfeiture pursuant to a Plea Agreement entered into between the United States and Defendant Fidel Holguin, ordering the forfeiture of currency and numerous items of personal property.

2. The Defendant was sentenced by this Court on November 18, 2008.

3. On November 19, 2008, a Judgment in a Criminal Case was filed following

*Motion granted. Amended judgment to be entered.*

*Barbara B. Crabb*
*11/28/08*

Defendant's sentencing. The Judgment makes no reference to the forfeiture or to the Preliminary Order of Forfeiture that was entered on September 24, 2008.

4. This motion is filed pursuant to Fed. R. Crim. P. 36, requesting that Defendant's criminal judgment be amended to include the forfeitures that were ordered in the Preliminary Order of Forfeiture.

## ARGUMENT

Criminal forfeiture procedure is governed by Rule 32.2 of the Federal Rules of Criminal Procedure. Rule 32.2(b)(1) provides:

> As soon as practicable after a verdict or finding of guilty . . . the court must determine what property is subject to forfeiture under the applicable statute.

The court must then "promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property." Fed. R. Crim. P. 32.2(b)(2). Since criminal forfeiture is an aspect of criminal sentencing[1], Rule 32.2 further provides that criminal forfeitures must be included in the judgment:

> At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and must be made a part of the sentence and be included in the judgment.

Fed. R. Crim. P. 32.2(b)(3); *United States v. Bennett*, 423 F.3d 271, 276 (3rd Cir. 2005) (the order of forfeiture "must be included in the sentence and judgment imposed on the

---

[1] *See e.g. United States v. Libretti*, 516 U.S. 29, 39 (1995) ("[f]orfeiture is an element of the sentence imposed *following* conviction, or, as here, a plea of guilty") (emphasis in original).

2

defendant").[2] Holguin was sentenced on November 18, 2008, but the forfeitures that were previously ordered were not included in his sentencing judgment.

The United States will be moving for a final order of forfeiture following the completion of the ancillary proceeding under Fed. Rule Crim. P. 32.2(c). Publication was posted for at least 30 consecutive days beginning on September 29, 2008, on the official government internet web site (www.forfeiture.gov), pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Action. However, since third parties with an interest in the forfeited property have 60 days from the first day of publication, the United States must wait until at least November 29, 2008, to move for a final order of forfeiture. However, since under Rule 32.2(b)(3) the forfeitures were final as to the Defendant at sentencing, the forfeitures should be included in his criminal judgment irrespective of whether a third party may assert a claim to any of the forfeited property.

## CONCLUSION

The United States requests, pursuant to Fed. R. Crim. P. 36, that the criminal judgment that was entered as to Defendant Fidel Hoguin on November 19, 2008, be amended to include the forfeitures that were ordered in the Preliminary Order of Forfeiture

---

[2] The court in *Bennett* explained criminal forfeiture procedure in some detail. The court also noted that the final order of forfeiture which is issued following the ancillary proceeding under Fed. R. Crim. P. 32.2(c) deals primarily with third party interests. *Bennett*, 423 F.3d at 275 and n.1. However, as Fed. R. Crim. P. 32.2(b)(3) makes clear, the preliminary order of forfeiture "becomes final *as to the defendant*" at the time of sentencing, "and must be made a part of the sentence and included in the judgment." (Emphasis added).

3

entered on September 24, 2008.

Dated this  25th  day of November 2008.

>Respectfully submitted,
>
>ERIK C. PETERSON
>United States Attorney
>
>By:   /s/
>ELIZABETH ALTMAN
>Assistant United States Attorney