# United States District Court
## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** <br> (for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 08-CR-75-C-01 |
| FIDEL HOLGUIN | **Defendant's Attorney:** Tracey Wood |

The defendant, Fidel Holguin, pleaded guilty to count 6 of the indictment.

Counts 1-5 and 7 of the indictment are dismissed on the motion of the United States.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841 | Distribution of 500 Grams or More of a Mixture or Substance Containing Cocaine, a Class B felony | September 10, 2007 | 6 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | | |
|---|---|---|---|
| **Defendant's Date of Birth:** | June 26, 1986 | | December 1, 2008 |
| **Defendant's USM No.:** | 06616-090 | | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | c/o Lucio Holguin (father) <br> 1861 Fayette Avenue <br> Beloit, WI 53511 | | /s/ Barbara B. Crabb |
| **Defendant's Mailing Address:** | c/o Bureau of Prisons | | Barbara B. Crabb <br> District Judge |
| | | | December 17, 2008 |
| | | | Date Signed: |

# IMPRISONMENT

As to count six of the indictment, it is adjudged that defendant is committed to the custody of the Bureau of Prisons for imprisonment for a term of 87 months.

I recommend that defendant be afforded the opportunity to participate in substance abuse education and treatment programs, as well as vocational training, while confined and that he be afforded a pre-release placement in a residential re-entry center with work release privileges.

# RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　　　　　　　　By _____

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Deputy Marshal

# SUPERVISED RELEASE

The term of imprisonment is to be followed by a five-year term of supervised release.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

In light of the nature of the offense and defendant's use of controlled substances, the following special conditions are appropriate. Defendant is to:

1. Register with local law enforcement agencies and the state attorney general as directed by the supervising U.S. probation officer;

2. Provide the supervising U.S. probation officer any and all requested financial information;

3. Submit his person, property, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition; and

4. Abstain from the use of illegal drugs and alcohol and from association with drug users and sellers and participate in substance abuse treatment. Defendant shall submit to drug testing beginning within 15 days of his release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process.

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

Case: 3:08-cr-00075-bbc   Document #: 119   Filed: 12/18/08   Page 5 of 6
AO 245 B (Rev. 3/01)(N.H. Rev.)    DEFENDANT:  FIDEL HOLGUIN    CASE NUMBER:  08-CR-75-C-01    Amended Judgment - Page 5

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Forfeiture |
|---|---|---|---|
| 6 | $100.00 | $0.00 | $10,695.00, plus property listed below |
| **Total** | $100.00 | $0.00 | $10,695.00, plus property listed below |

It is adjudged that defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing. Defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself upon release.

On September 24, 2008, I entered a Preliminary Order of Forfeiture, pursuant to the plea agreement in this case, ordering the forfeiture of currency and numerous items of personal property.  Defendant's rights, title and interest in the following property are hereby forfeited, pursuant to 21 U.S.C. § 853 and Rule 32.2(d)(2):

        $10,695 in U.S. currency
- (1) 1999 Black Ford Crown Victoria (VIN 2FAFP71W3XX173773)
- (1) 1990 Tan Lincoln Towne Car (VIN ILNM83F3LY677934)
- (1) 1976 Tan/Red Cutless Supreme (VIN 3J57R6R103959)
- (1) Charbroil Gas/LP Grill, Model # 463631706 (New in box)
- (1) 2-Unit Master Force (Menards) Rolling Tool Chest # 1050800.0297 (New)
- (1) Powermate Impact Wrench # P024-00995P
- (1) 3" Pneumatic Cut-off Tool
- (1) McCulloch Power Washer #FHH18A
- (1) Shopvac 10gal Wet/Dry 3hp Vacuum #86L300
- (1) Sanborn 30gal 155 psi Air Compressor #034-0164
- (1) Phillips 50" Flat Screen TV, Serial Number YA1A0730001146
- (1) SPL 6.5 2-Way Speaker set, AS-6520 (New in box)
- (1) Power Acoustic 7-band Passive Graphic Equalizer
- (1) PEQ-70 (New in box)
- (2) Pyle 6" Rear View Monitors with cameras, PLCM6000 (New in box)
- (2) Visionik Subwoofer Speaker Box, VBX12A (New in box)
- (1) Brutus Hifonics 2000Watt Amplifier, BX12006D (New in Box)
- (1) Ultimate Design LED Tail Light, 25-793SNLED-JDM (New in box)
- (1) Profile 2-way Cone Speaker, PS5720 (New in box)
- (1) Pyle View 15" Flip Down LCD Monitor, PLVWR1542 (New in box)
- (2) Rockford Fosgate Subwoofers, P3D412 (New in box)
- (1) Brutus 2000 Watt Amplifier, BX12008D (New in box)
- (1) JVC DVD/CD Receiver (car), KD-AVX44 (New in box)
- (2) Boss Full Range Speakers, RIP4604 (New in box)
- (1) Brutus Amplifier, BX11606D
- (4) Legacy Amp Hookup Kits (New in box)
- (1) VR Power Capacitor, VRPC1000
- (1) Sledge Hammer MTX Subwoofer, Thinder 9500 (New in box)
- (1) Bostitch Nailer, SB1850BN
- (1) Black and Decker Cordless Screwdrivers, 498788-13 #3
- (1) Pioneer Primere Speaker, 1200 Watt, TS-W1207D2
- (1) Sony CD/DVD player (TV), model DVP-NS57P, S/N 5127498

In all other respects, the judgment entered on November 18, 2008, remains the same.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

(1) assessment;
(2) restitution;
(3) fine principal;
(4) cost of prosecution;
(5) interest;
(6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.